H. C. HEDGES *v.* THE WILMINGTON & WELDON RAILROAD COMPANY.

Where in an action against a railroad company to recover damages sustained by the plaintiff by reason of the failure of the defendant to keep its track in repair, it was in evidence that the cars of the defendant ran off the track between A and B, which points were twenty-five miles apart: *Held,* that evidence was admissible to show that the witness had passed over the same road two days before the plaintiff received the injury, and that at some point on the road witness had felt a severe jar, and that on the day the cars ran off witness was in the cars and predicted that at a point ahead the passengers would feel a severe jar, and that the prediction was verified, although the point at which the jar occurred was not shown to be the point at which the cars ran off.

CIVIL ACTION to recover damages, tried before *Seymour, J.,* and a jury at Fall Term, 1874, of the Superior Court of WILSON county.

The action was brought to recover damages sustained by the plaintiff by reason of injuries received on account of the alleged negligence of the defendant in allowing its road to be in a bad condition and in negligently running its cars, &c.

The facts pertinent to the case as decided in this Court, are set out in the statement agreed upon by counsel and sent up as a record, which are substantially as follows:

The depositions of the plaintiff and other witnesses were offered in evidence in his behalf, and it was agreed that his

Honor should pass upon the competency of certain interrogatories and answers which were objected to by the defendant, on the ground that the interrogatories were leading and the answers not competent. His Honor overruled the objection and the following interrogatories and answers were admitted in evidence, after exception by the defendant.

Deposition of the plaintiff: Interrogatory 6th. Were you a passenger on the express passenger train of the defendant any time in the Spring or Winter of 1873; if so, state when?

Answer. I was on their passenger train about the 25th of March, 1873.

Interrogatory 6th. Had you purchased a ticket entitling you to ride on said train, or had you paid your fare?

Answer. I purchased a ticket from Savannah through to Baltimore on said defendant's road.

Interrogatory 7th. Did the said train, or any car or cars thereof run off the track on said occasion?

Answer. I know there was two cars of said train I was on, on the occasion referred to, ran off the track.

Interrogatory 8th. Were you thereby injured, and if yes, state how and to what extent?

Answer. I was by said accident severely bruised about the head and neck and had my head cut, and also had my arm and leg bruised.

Interrogatory 9th. If you were injured and put to any expense thereby, state all about the same and how it was incurred?

Answer. I was injured very seriously and was taken from where the accident occurred to Richmond, Va., where I was forced to lay over under the care and treatment of a physician at Richmond, Va. Two physicians treated me. I do not recollect now all I paid for medical attention. I paid one physician, for merely examining me, five dollars, and paid another, and paid for my board while 1 was detained there a week before I could travel. I also paid for medicines, the amount I do not remember. My friend, Mr. Bogges, who was travelling with me, was also a physician, had previously

dressed my wounds and laid over with me at Richmond, also all the nursing and attention for me, for which he has not yet charged.

Interrogatory 10th. State what you know about the condition of the Wilmington and Weldon Railroad at the time you were last a passenger on it; if that was the time of the casualty aforesaid?

Answer. I have not been on it since the accident. I know but little about the condition of the road. I know it was very rough.

Interrogatory 11th. Have you received any medical attention, in consequence of the hurts inflicted on you in the manner and at the time hereinbefore referred to; and if so, who were your medical attendants?

Answer. I was examined by Dr. Ramsay at Clark's Bay, West Virginia, and sent to the country with my friend Mr. Bogges, who treated me there.

Deposition of Albert Bogges. Interrogatory 1st. Were you a passenger on the passenger train, with the plaintiff, H. C. Hedges, on the Wilmington and Weldon Railroad, in the Spring of 1873?

Answer. I was such passenger about the 26th day of March, 1873. It was on the 26th day; I know from my memorandum book.

Interrogatory 2d. Did the train run off the track on that occasion, and did the plaintiff receive any injury thereby, and if so, state what you know about any and all the same?

Answer. On that occasion three cars of the train ran off the track, the car in which the said H. C. Hedges and I were in, and two others. Hedges was very badly bruised on the face, neck and head, one arm and one leg. The accident, I was told, was near Wilson. I am not acquainted with the county.

The deposition of one Montcastle, a boarding house keeper in Richmond, was offered in evidence in which the witness, in reply to the interrogatory, "State what you know about the condition of plaintiff on the 26th of March, 1873, if you

saw him then?" answered "he came to my house that day; his condition was that of a man very badly bruised about the face and neck and hands and extending down upon the breast and side. He was quite sick for about two days. I considered him (the plaintiff) very badly bruised and injured." The defendant objected to this evidence on the ground that witness was not qualified to give and could not give his opinion. The objection was overruled by the Court, and the defendant excepted.

It was in evidence that the accident occurred between Wilson and Rocky Mount, and that these places are twenty-five miles apart.

One Warren was introduced as a witness for the plaintiff, and testified that he was a passenger on defendant's road on the 24th March, 1873, from Wilson to Rocky Mount; the road was rough in places, and at one place he felt a severe jar; he could not say the road was rough or that he felt the jar at or near the place of the accident. The plaintiff proposed to ask the witness if he did not predict on his return, a day or two afterwards, that at a certain point on the road ahead of them, they would feel a severe jar, and that in point of fact a severe jar was felt at the place named, as he had predicted.

The defendant objected; the objection was overruled, and the defendant excepted. The witness then stated that he had predicted that at some point on the road, ahead of them, they would feel a severe jar, and that in point of fact a severe jar was felt at some point as he had predicted.

There was a verdict and judgment for the plaintiff, and from this judgment the defendant appealed.

*Moore & Gatling*, for the appellant.
*Smith & Strong*, contra.

READE, J. The case was not argued before us for the defendant. But after the case had been argued for the plaintiff and decided by the Court, we permitted Mr. Moore, at his re-

36

quest, to put in a brief for the defendant. Upon examining his brief, we find that the only point which he presents was not argued by the plaintiff's counsel, and was not supposed by us to have been made below; or to appear in the record. If Mr. Moore's brief had changed our views, we should have felt obliged to continue the case until next term, so as to allow the plaintiff's counsel to be re-heard, which shows the propriety of the rule, to have the whole case opened at the hearing; and the impropriety of relaxing it, as we did in this case, except for special and urgent reasons.

We understand the brief of Mr. Moore to abandon all the exceptions except the objection to the competency of the testimony of the witness Warren. We think the objection is founded in a misapprehension of the testimony.

The objection assumes that the plaintiff travelled over the defendant's road 160 miles in length, and was injured by the cars running off the track at some " undesignated point." And that Warren " was asked the question, if he did not predict, while travelling on the road a day or two after the accident, that at a certain point on the road a severe jar would be felt; and that his prediction was verified?" And then it is insisted, that the fact that the track was out of repair at one point is no evidence that the accident occurred at that point, or that the road was out of repair at any other point; or at the particular undefined point where the accident did occur; and therefore did not tend to prove negligence on the part of the defendant. But the facts are, that the accident occurred between Wilson and Rocky Mount, two depots twenty-five miles apart, on the 26th of March. And the testimony of Warren was, that two days before, 24th March, he travelled on the road from Wilson to Rocky Mount, and that the road was rough in places, and that at one place a *severe jar* was felt; and that a day or two afterwards, which must have been 25th or 26th March, the day before, or the very day of the accident, he travelled back from Rocky Mount to Wilson, and on the route he spoke of the severe jar, and predicted that they would feel

it again, and so· they did.   So we have it that the accident
occurred between these two points; and that for two or three
days just before the accident, the road was out of order, rough
in several places, and badly out of order at one place; and is
not that some evidence tending to show that the accident
occurred at some one of those bad points, and that the de-
fendant was negligent in not repairing them.   All this is so
plain that the plaintiff's counsel supposed, and so did we, that
the objection to Warren's testimony was, that he was per-
mitted to speak of what he said on the cars in the way of pre-
dicting the " severe jar" which they would feel.

We do not think that there is any force in any of the de-
fendant's exceptions.

There is no error.

PER CURIAM.                              Judgment affirmed.